**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 13-240 |
| | ) | Civil No. 18-974 |
| | ) | Judge Nora Barry Fischer |
| BRANDON KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.      INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Brandon Kennedy ("Defendant"), (Docket No. 177), the Government's opposition thereto, (Docket No. 181), and Defendant's Reply, (Docket No. 182). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [177] is denied.

### II.      BACKGROUND

On September 10, 2013, a federal grand jury returned an Indictment charging Defendant with committing three offenses related to his November 26, 2012 armed robbery of an AT&T Wireless retail store in Greentree, Pennsylvania.[1] (Docket No. 1). Specifically, Defendant was charged with all of the following: at Count 1, Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); at Count 2, Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and, at Count 3,

---

[1]      The Court notes that a lengthy exposition of the factual background of the offenses and the Government's evidence is not recounted herein as it is set forth in the various opinions written on this matter by this Court and the Court of Appeals. *See e.g., United States v. Kennedy*, 720 F. App'x 104 (3d Cir. 2017) (affirming conviction and sentence); 2014 WL 1758136 (W.D. Pa. May 1, 2014) (denying motion to dismiss); Docket No. 41 (denying motion to transfer); 2014 WL 6090409 (W.D. Pa. Nov. 13, 2014) (denying motion to suppress evidence); Docket No. 143 (holding that enhancement under Guideline § 3C1.1 applied due to Defendant's perjury at the suppression hearing).

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (Docket No. 1).

There was extensive pretrial litigation in this case and several changes of counsel. To this end, Defendant was initially represented by Assistant Federal Public Defender Thomas Livingston, (hereinafter "pretrial counsel") who filed a number of pretrial motions on his behalf including a motion to transfer and a motion to suppress evidence. (*See* Docket Nos. 22; 23; 28) After the Court issued a Memorandum Order denying the motion to transfer, (Docket No. 41), pretrial counsel was granted leave to withdraw as counsel due to irreconcilable differences with Defendant, who waived his right to counsel and proceeded pro se with stand-by counsel Brian Aston, Esq. (*See* Docket Nos. 46; 47; 49; 51-53). While representing himself, Defendant filed a motion to dismiss the indictment, this Court accepted briefing from the parties, conducted a hearing and denied the motion in a Memorandum Order dated May 1, 2014. (*See* Docket No. 57).

Mr. Aston, (hereinafter, "trial counsel), was later appointed to represent Defendant upon his request and he served as trial counsel through the suppression hearing and proceedings related thereto, the jury trial and Defendant's sentencing. (*See* Docket Nos. 61-62). After the suppression proceedings were concluded, this Court issued a Memorandum Opinion on November 13, 2014 denying Defendant's motion to suppress evidence. *See United States v. Kennedy*, Crim. No. 13-240, 2014 WL 6090409 (W.D. Pa. Nov. 13, 2014); (Docket No. 84). The case then proceeded to a jury trial, at the conclusion of which on December 18, 2014, Defendant was found guilty of all three counts against him in the Indictment. (Docket No. 107).

During the sentencing phase, the Court held another evidentiary hearing on the parties' disputed application of the enhancement under Guideline § 3C1.1 for obstruction of justice, and accepted briefing from the parties. (*See* Docket No. 143). On September 24, 2015, the Court

issued a Memorandum Opinion resolving the dispute in favor of the Government and then found in its October 8, 2015 Tentative Findings and Rulings that the total advisory guidelines range was 141 to 155 months' incarceration. (Docket Nos. 143-144). At the sentencing hearing, the Court denied Defendant's motion for a variance from the advisory guidelines range and imposed the following sentence: 155 months' incarceration, followed by 3 years' supervised release, and ordered that Defendant pay a $300 special assessment, and forfeit any interest in the firearm involved in the offenses. (Docket Nos. 154; 155). A fine was waived given Defendant's inability to pay. (*Id.*).

Defendant timely appealed the judgment to the Court of Appeals. (Docket No. 154). Mr. Aston was granted leave to withdraw as counsel and the Court of Appeals appointed Assistant Federal Public Defender Karina Fuentes of the Federal Public Defender's Office of New Jersey, (hereinafter "appellate counsel"), to represent him on appeal. The Court of Appeals affirmed Defendant's convictions and sentence in an Opinion and Judgment dated December 18, 2017 and issued its Mandate on January 8, 2018. *See United States v. Kennedy*, 720 F. App'x 104 (3d Cir. 2017); Docket Nos. 170; 171). Defendant's petition for writ of certiorari to the Supreme Court of the United States was denied on April 23, 2018. *See Kennedy v. United States*, 138 S.Ct. 1601 (Apr. 23, 2018).

On July 24, 2018, Defendant filed his § 2255 Motion. (Docket No. 177). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and after he responded that he desired to have the Court rule on the motion, as filed, the Court ordered the Government to respond. (Docket Nos. 179; 180). The Government timely filed its response in opposition on September 1, 2018. (Docket No. 181). Subsequently, Defendant submitted a Reply Brief on September 26, 2018. (Docket Nos. 182). No further briefing has

been requested and the Court considers the matter to be fully briefed and ripe for disposition.

III.    LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.

2000)).

IV.    DISCUSSION

Defendant argues that his convictions and/or his sentence should be vacated on several grounds: first, that his pretrial and trial counsel provided ineffective assistance of counsel during their respective representations; second, that his appellate counsel provided ineffective assistance of counsel during his appeal to the U.S. Court of Appeals for the Third Circuit; third, that his conviction and sentence at Count 2 must be vacated because 18 U.S.C. § 924(c)(1)(A) is unconstitutionally vague; and fourth, that the mandatory consecutive sentence of 84 months at Count 2 must be set aside because his conviction for Hobbs Act robbery at Count 1 allegedly cannot serve as a predicate offense for the sentencing enhancement.  (Docket Nos. 177; 182). The Government counters in response that Defendant improperly uses his § 2255 motion to re-litigate issues which were raised and disposed of on appeal and that his assertions of ineffective assistance of counsel are either not supported by the record or without merit.  (Docket No. 181).

Having considered the parties' arguments, in light of the extensive evidence of record, and the prior rulings by this Court and the Court of Appeals, all of the grounds asserted in Defendant's motion are without merit and his motion must be denied without a hearing.  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008).  There is also no basis for a certificate of appealability to issue.  The Court will initially address the Defendant's claims at grounds three and four as those claims were previously litigated on appeal and then turn to the deficiencies in his claims at grounds one and two alleging ineffective assistance of his pretrial, trial and appellate counsel.

A.  *Claims Previously Litigated*

It is well established that a § 2255 motion may not be employed to re-litigate issues that

were raised and resolved in a prior direct appeal.  *See Travillion*, 759 F.3d at 288 (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)).  Despite this prohibition, Defendant attempts to re-litigate two issues that he previously raised on direct appeal: (1) that 18 U.S.C. § 924(c)(1)(A) is void for vagueness; and (2) that Hobbs Act robbery does not constitute a "crime of violence" under the statutory sentencing enhancement under § 924(c).  (*See* Docket No. 177, grounds three and four).

The Court of Appeals expressly rejected Defendant's challenge that his Hobbs Act robbery conviction could not serve as a predicate offense for the statutory sentencing enhancement in light of binding precedent, i.e., *United States v. Robinson*, 844 F.3d 137, 142 (3d Cir. 2016), which it commented was "on point" and answered the same question Defendant raised on his appeal.  *See Kennedy*, 720 F. App'x at 110 ("This case is nearly identical to Robinson. The question is once again, 'is Hobbs Act robbery committed while brandishing a firearm a crime of violence?' The answer remains yes.").  The Court of Appeals continued that it need not analyze Defendant's argument that the residual clause under § 924(c) was unconstitutional because it had determined that Hobbs Act robbery was a crime of violence under the elements clause of the same statute.  *Id.*  Defendant raises the same arguments in his § 2255 motion and his citation to the subsequently issued decision by the Supreme Court in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), does nothing to undermine the Court of Appeals' decision affirming Defendant's conviction and sentence because *Dimaya* interpreted the similar residual clause set forth in 18 U.S.C. § 16(b) applicable to immigration matters.  All told, because the issues identified as grounds three and four were raised and resolved on direct appeal, Defendant's § 2255 is denied as to those claims.  *See Travillion*, 759 F.3d at 288.

   *B.  Ineffective Assistance of Counsel*

Moving on, the law is equally well settled that "[a] prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing Strickland, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

In this Court's estimation, Defendant has failed to demonstrate that he was prejudiced by any of the alleged errors of his pretrial, trial or appellate counsel that he has raised in grounds one and two of his § 2255 motion.  *See Lilly*, 536 F.3d at 196.  The Court will address his contentions as to pretrial and trial counsel at ground one and then analyze his complaints concerning his appellate counsel at ground two.[2]

---

[2]     Of course, Defendant cannot establish that Mr. Aston provided ineffective assistance during the period of time where he served as stand-by counsel while Defendant represented himself after the Court found that he had knowingly and voluntarily waived the right to counsel.  *See United States v. Waller*, Crim. No. 14-40, 2018 WL 3459769, at *5 (W.D. Pa. Jul. 18, 2018) (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)) ("Having

### 1.   Pretrial and Trial Counsel Provided Effective Assistance of Counsel

At the outset, the Court agrees with the Government that several of Defendant's complained-of errors are not supported by the record in that he faults counsel for failing to lodge arguments that were plainly made on his behalf.   (*See* Docket No. 181).   In this regard, Defendant maintains that his pretrial and trial counsel erred by not advocating that his Fourth Amendment rights were violated by the search of the bags filled with electronics stolen from the AT&T Wireless store in Robinson.   (Docket Nos. 177; 182).   However, the Court characterized his motion as "challeng[ing] the constitutionality of a traffic stop and a subsequent search of an automobile in which [Defendant] was a passenger and seizure of: bags containing electronics allegedly stolen from the AT&T store."   *Kennedy*, 2014 WL 6090409, at *1.   As the Government points out, the Court then noted that the search of the bags was constitutionally permissible under the automobile exception, a holding which is well supported by binding precedential caselaw. *Id*. at *14 ("Once the search of the passenger compartment did not reveal any evidence of contraband or marijuana, [Officer Salamas] was likewise justified in proceeding to search the trunk and in opening the bags contained therein.").

In similar vein, Defendant wrongly contends that his trial counsel did not argue that the crimes were committed by alternative perpetrators, namely, Amanda Lang, her boyfriend Brian Bankhead and/or his cousin Johnny Bankhead.   (Docket No. 177).   But, trial counsel repeatedly made these points during cross-examination of government witnesses and during his closing, to the extent permitted by the Court.   (*See* Docket Nos. 125; 126).   Defendant also claims that his counsel was ineffective for failing to object to the two-level enhancement for obstruction of justice.   (Docket Nos. 177; 182).   Such assertion is frivolous as the Court held an evidentiary

---

elected to represent himself during pretrial proceedings, Defendant cannot now 'complain that the quality of his own defense amounted to a denial of effective assistance of counsel.'")   Insofar as Defendant's motion and reply are interpreted as raising such claims, they must be denied on this basis.

hearing, accepted briefing and issued a Memorandum Opinion resolving the parties' disputes on that particular enhancement. (*See* Docket No. 143). Defendant further asserts that trial counsel did not object to a designation of a prior fleeing and eluding offense as a "crime of violence" under the Guidelines but no such finding was made by the Probation Office in the Presentence Investigation Report, or the Court in its Tentative Findings and Rulings or at the sentencing hearing. (*See* Docket Nos. 110; 144; 163). Therefore, Defendant's § 2255 motion must be denied to the extent that he relies upon any of these errors which are simply not borne out in the record.

Defendant's other errors allegedly committed by his pretrial and trial counsel fare no better. (*See* Docket Nos. 177; 182). In this regard, his claims that pretrial and trial counsel were ineffective for failing to investigate the lost dash cam footage and to interview state troopers (or border control agents) who appeared on the scene of his arrest are premised on unsupported speculation that the fruits of any such investigations would have resulted in the discovery of exculpatory evidence. (*Id*.). But, a criminal defendant must first establish all of the underlying elements of a *Brady* claim in order to support a derivative claim that his counsel provided ineffective assistance in failing to pursue or advocate such a claim on his behalf. *See e.g., United States v. Ortiz*, 2018 WL 3304522, at *4 (E.D. Pa. Jul. 5, 2018). As this Court has held on numerous occasions, the Court may not infer a *Brady* violation based upon speculation alone and that is all that Defendant has done here in reference to both the dash cam video and the additional officers on the scene. *See United States v. Mills*, 2018 WL 1382647, at *7 (W.D. Pa. Mar. 19, 2018) (quoting *United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994) (it is "unwise to infer the existence of Brady material based on speculation alone.")); (*see* Docket No. 182 at (defendant admitting that "[t]he government attorney Mr. Brady could be right when he stated that the

Border Patrol agents might not be favorable on my behalf or Mr. Brady could be wrong.")). Defendant's position as to the dash cam video also lacks merit because Defendant made an oral motion for production of all video evidence at a pretrial proceeding held on November 19, 2014, (Docket No. 89), the Government responded to same, (Docket No. 92), and the Court of Appeals specifically held that the circumstances surrounding the loss of the dash cam video were insufficient to demonstrate a due process violation. *See Kennedy*, 720 F. App'x at 108-09. The Court of Appeals additionally commented that it is doubtful that the evidence is exculpatory because "[e]ven if the video were to show, as [Defendant] contends, he was not wearing a gray sweat suit at the time of arrest, that would not conclusively show that he was not wearing it hours earlier when the robbery actually occurred." *Id.* at n.4. The same is true as to any such information from the unidentified additional law enforcement officers who were at the scene of Defendant's arrest.

Similarly, Defendant claims that trial counsel was ineffective for failing to object to the introduction of photos of evidence and that the Government's witnesses committed perjury at the trial lack merit. (Docket Nos. 177; 182). Defendant has not provided any coherent argument as to how the introduction of the photographs resulted in an error sufficient to be cognizable under § 2255, i.e., he has failed to demonstrate that the evidence was improperly admitted. *See Travillion*, 759 F.3d at 290. Defendant has also not met his burden to show that the alleged perjured testimony of government witnesses justifies habeas relief. *See e.g., United States v. Gorham-Bey*, No. CR 7-442, 2012 WL 3155652, at *7 (W.D. Pa. Aug. 2, 2012) (citing *United States v. Derosier*, 141 F. Supp. 397, 401 (W.D.Pa.1956) and *United States v. Jones*, 832 F. Supp. 2d 519, 534 (E.D. Pa. 2011) ("Perjured testimony, standing alone, is insufficient to create a Section 2255 issue. Instead, if the Government uses perjured testimony, knew or should have

known it was perjured, and the testimony creates a fundamental defect in the entire trill, habeas relief may be appropriate."). Again, the only perjury that has been proven in this record was Defendant's own false testimony at the suppression hearing which the Court found when ruling on the applicability of the enhancement under Guideline § 3C1.1 during the sentencing phase of the case. (*See* Docket No. 143). Defendant's bare assertions that other witnesses committed perjury during their grand jury or trial testimony are not supported by any corroborating evidence, (Docket Nos. 177; 182), and were previously rejected by this Court in light of the credible evidence of his guilt presented by the Government at trial, (*see* Docket No. 143).

For all of these reasons, Defendant has not met his burden to show that he was prejudiced by any of the alleged errors by his pretrial or trial counsel set forth in ground one of his § 2255 motion.

### 2. Appellate Counsel Provided Effective Assistance of Counsel

Lastly, the Court has reviewed the claimed errors attributed to appellate counsel and finds them to be without merit for many of the reasons described in the preceding sections of this Memorandum Opinion. *See* § IV.A. and B.1, *supra*. To this end, appellate counsel did not err in failing to separately challenge the search and seizure of the electronics from the bags on appeal. *Id.* Appellate counsel likewise did not provide ineffective assistance of counsel in her advocacy to the Court of Appeals for claims which were rejected on appeal including the alleged due process violation for the failure to preserve any dash cam videos and the purported constitutional claim regarding the statutory enhancement under § 924(c). *See* § IV.A., *supra*. Again, Defendant is barred from his attempts to re-litigate those issues via his § 2255 motion. *Id.* The Government is also correct that appellate counsel was not ineffective for failing to raise witness credibility issues on appeal as such evaluations are reserved for the trier of fact, (i.e., the jury at

trial and the court at sentencing), not the appellate court. *See United States v. Wise*, 515 F.3d 207, 214 (3d Cir. 2008) (citation and punctuation omitted) ("it is not our role to weigh the credibility of the witnesses. Indeed, we must be ever vigilant not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting our judgment for that of the jury."); *United States v. Perez*, 386 F.App'x. 301, 304 (3d Cir. 2010) (citations omitted) (District Court weighs the credibility of the evidence presented by the parties at sentencing). Finally, Defendant has not established that he was prejudiced by appellate counsel failing to lodge unspecified objections to the Presentence Investigation Report.  (Docket Nos. 177; 182).  Again, absent proof of an underlying error, relief is inappropriate under § 2255. *Travillion*, 759 F.3d at 290.

    V.    CONCLUSION

    Based on the foregoing, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid convictions and sentence under § 2255.  *See Travillion*, 759 F.3d at 288.  Accordingly, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [177] is denied, with prejudice.  The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability.  An appropriate Order follows.

                              *s/Nora Barry Fischer*
                              Nora Barry Fischer
                              U.S. District Judge

Dated: December 28, 2018

cc/ecf: All counsel of record

        Brandon Kennedy (U.S.M. #48998-039)
        FCI Loretto
        Box 1000
        Loretto, PA 15940